# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 11 C 50248 | DATE | 12/12/2011 |
| CASE TITLE | Khan vs. Nat'l Commission on Certification of Physician Assistants | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court denies the motion to remand, grants defendant's motion to dismiss in part, denies the motion to dismiss in part, and remands the remaining state-law claims to the Circuit Court of McHenry County, Illinois.

*[signature: Philip G. Reinhard]*

■[ For further details see text below.]　　　　　　　　　　　　　　　　　Notices mailed by Judicial staff.

## STATEMENT - OPINION

　　Plaintiff, Abrar Khan, filed a pro se complaint in the Circuit Court of McHenry County, Illinois, against defendant, the National Commission on Certification of Physicians Assistants, alleging that defendant arbitrarily denied him the opportunity to retake the national certification examination for physician assistants in violation of Illinois law, defamed him in violation of Illinois law, violated the Ex Post Facto Clause of the United States Constitution, and violated 18 U.S.C. § 1001. Defendant removed the case to this court based on both diversity jurisdiction, 28 U.S.C. § 1332 and federal question jurisdiction, 28 U.S.C. § 1331. Plaintiff filed an "objection to case removal" which this court construed to be a motion to remand. Defendant, in turn, filed a response to the motion to remand. Defendant also filed a motion to dismiss the complaint pursuant to Fed. R. C. P. 12(b)(6). Plaintiff has responded to the motion to dismiss, and defendant has filed a reply.

<u>Jurisdiction and Motion to Remand</u>

　　Defendant contends that there are proper jurisdictional bases for removal of this case pursuant to both § 1331 and § 1332. The court will address both asserted bases for jurisdiction.

　　*Diversity*

　　The removing party has the initial burden of establishing by a preponderance of the evidence facts that suggest the jurisdictional amount has been satisfied.[1] <u>Carroll v. Stryker</u>, 658 F. 3d 675, 680 (7th Cir. 2011). Once it has made this showing, jurisdiction will be defeated only if it appears to a legal certainty that the stakes of the lawsuit do not exceed $75,000. <u>Carroll</u>, 658 F. 3d at 680.

　　Here, defendant has not satisfied its initial burden of establishing the jurisdictional amount. The complaint contains no reference to any amount of money damages being sought under any of the theories of liability and, in fact, seeks as its sole relief an opportunity "to take the NCCPA exam for certification without any restriction or limitation." Further, plaintiff states in his motion to remand that he is not seeking any monetary relief. While plaintiff seeks to establish the jurisdictional amount by submitting a settlement "proposal" by plaintiff wherein he asked for $150,000, such a settlement offer, while possibly admissible under different circumstances, see, e.g., <u>Rising-Moore v. Red Roof Inns, Inc.</u>, 435 F. 3d 813, 816 (7th Cir.

**STATEMENT - OPINION**

2006), does not establish the jurisdictional amount here where the complaint on its face does not seek money damages and plaintiff asserts that he is only seeking an opportunity to retake the examination. Therefore, because defendant has not established the jurisdictional amount in controversy, there is no basis for removal pursuant to § 1332.

*Federal Question*

Removal to a district court is appropriate where a cause of action arises under federal law. Tifft v. Commonwealth Edison Co., 366 F. 3d 513, 516 (7th Cir. 2004). The court looks to the face of a properly pleaded complaint to see if a federal question is present. Tifft, 366 F. 3d at 516.

In this case, it is apparent from the face of plaintiff's complaint that he is alleging claims under federal law. His complaint alleges a violation of the Ex Post Facto Clause of the United States Constitution and also a violation of a federal statute. Both claims involve federal questions. Thus, there is jurisdiction under § 1331, and defendant has therefore properly removed the case to this court. Accordingly, the court denies the motion to remand.

Motion to Dismiss

In reviewing a complaint pursuant to Rule 12(b)(6) the court must accept as true all well-pleaded allegations and draw all reasonable inferences in the plaintiff's favor. Ray v. City of Chicago, 629 F. 3d 660, 662 (7th Cir. 2011). However, the court need not accept as true legal conclusions or threadbare recitals of the elements of a cause of action supported by merely conclusory statements. Ray, 629 F. 3d at 662. While a complaint need only provide a short and plain statement of the claims, it must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. Ray, 629 F. 3d at 662-63.

Defendant here asserts that the allegations based on a violation of the Ex Post Facto Clause fail to state a legal cognizable claim. The Ex Post Facto Clause is directed at laws that deal with punishment. O'Grady v. Village of Libertyville, 304 F. 3d 719, 723 (7th Cir. 2002). Further, it applies to laws enacted by state or federal governments. Lewis v. People of the State of Illinois, 2003 WL 151933, * 2 (N.D. Ill Jan. 21, 2003). Thus, it does not apply to private actions. Lowe v. Wellcare Health Plans, Inc., 2009 WL 3047424, * 2 (N.D. Tx. Sept. 22, 2009).

In this case, it is apparent that defendant is an entirely private entity to which the Ex Post Facto Clause does not apply. There is simply nothing in plaintiff's complaint to remotely suggest that defendant was involved in creating any law, state or federal. Or that defendant was directed by any governmental agency to do so. Thus, any allegation to the contrary is implausible in light of defendant's private status. Therefore, the court dismisses the claim based on the Ex Post Facto Clause.

Defendant also contends that the other federal claim based on an alleged violation of 18 U.S.C. § 1001 should be dismissed because plaintiff is a private citizen who cannot enforce a criminal statute. A private citizen does not have a judicially cognizable interest in the prosecution of another person. Collins v. Western Electric Co., 2011 WL 202276, * 2 (S.D. Ind. Jan. 14, 2011) (citing Linda R.S. v. Richard D., 418 U.S. 683, 693 (1974)). It is well-established that criminal statutes cannot be enforced in civil actions. Collins, at * 2. Here, therefore, the claim based on § 1001 is dismissed as not actionable.

That leaves the two state-law claims. Where all federal claims have been eliminated and only state-law supplemental claims remain, a district court has discretion to remand a properly removed case to state court. Firth v. Chupp, 2010 WL 5439759, * 2 (N.D. Ind. Dec. 27, 2010) (citing Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 (1988)). The Seventh Circuit has expressed its preference that district courts take this course of action and remand the case. Firth, at * 2 (citing Leister v. Dovetail, Inc., 546 F. 3d 875, 882 (7th Cir. 2008)).

### STATEMENT - OPINION

Here, because jurisdiction is predicated on federal question alone, the state-law claims are supplemental.  Thus, having eliminated the only federal claims in the case, and there being no reason at this early stage of the proceedings in the court's discretion to retain the remaining state- law claims, the court remands this case to the Circuit Court of McHenry County.[2]

For the foregoing reasons, the court denies the motion to remand, grants defendant's motion to dismiss as to the claims based on the Ex Post Facto Clause and 18 U.S.C. § 1001, and remands the remaining state-law claims to the Circuit Court of McHenry County, Illinois.

---

1. There is no question here that the parties are completely diverse as plaintiff is a citizen of Illinois and defendant is a citizen of Georgia as it is incorporated and has its principal place of business there.

2. While the court has denied plaintiff's motion to remand, the court is remanding the remaining state-law claims pursuant to its discretionary authority under § 1367.